J. WILLIAM DEWEY v. DOLORES E. DEWEY

No. 8410DC1281

(Filed 19 November 1985)

1. **Divorce and Alimony § 30— equitable distribution—contributions to home purchases—gifts to the marriage—marital property**

Financial contributions by defendant wife from her separate property which were used for down payments and improvements on various homes purchased by the parties during the marriage were gifts to the marriage where there was no statement in any conveyance of an intent by defendant that such contributions be separate property, and where the homes were titled as entirety properties. Therefore, the portion of the equity in the parties' current home which was derived from defendant's contributions is marital property. G.S. 50-20(b)(2).

**2. Divorce and Alimony § 30— equal division of marital property**

The evidence and findings supported the trial court's equal division of the marital property. G.S. 50-20(c).

**3. Divorce and Alimony § 30— equitable distribution—marital fault**

Marital fault or misconduct which does not affect the value of marital assets is not a proper factor for consideration in distributing marital property.

**4. Divorce and Alimony § 30— equitable distribution—date of valuation of marital property**

The trial court erred in not valuing the marital property as of the date of the parties' separation where they obtained a divorce based on separation for one year, but such error was not prejudicial where the parties will receive the same amount of property regardless of whether the marital property is valued at the time of separation or at the times found by the trial court.

**5. Divorce and Alimony § 30— equitable distribution—vested pension rights— consideration as separate property—sufficient finding**

Plaintiff's vested pension rights were separate property under former G.S. 50-20(b)(2) which the trial court was required to consider under G.S. 50-20(c)(1) and former G.S. 50-20(c)(5). The trial court's finding of the annual sum that plaintiff will receive from his pension satisfied the statutory requirements, and there was no additional requirement that the trial court calculate the present value of the pension.

APPEAL by defendant from *Sherrill (Russell G., III), Judge.* Judgment entered 21 September 1983 and order entered 12 July 1984 in District Court, WAKE County. Heard in the Court of Appeals 20 August 1985.

The parties were married to each other in 1958. They separated on 19 September 1981, and the trial court granted them an absolute divorce on 22 December 1982. The equitable distribution judgment of 21 September 1983 divided the marital property equally between the parties. The trial court denied defendant's G.S. 1A-1, Rule 59 motion to amend the judgment on 12 July 1984. Defendant appealed from the judgment and the order denying her Rule 59 motion.

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., and Robert S. Shields, Jr., for plaintiff appellee.*

*Marc W. Sokol and William E. Marshall, Jr., for defendant appellant.*

Dewey v. Dewey

WEBB, Judge.

[1] Defendant first contends the evidence does not support the finding that the parties' residence was marital property. Defendant never excepted to this finding, so her contention is not properly before this Court for review. N.C. Rules of Appellate Procedure, Rule 10. We nonetheless consider it in our discretion.

The parties bought and lived in five different houses, one after the other, during the course of their marriage. Defendant provided some of the funds for down payments and improvements on the series of residences from her separate property. The trial court found that defendant's contributions from her separate property to the parties' real estate purchases were gifts to the marriage. This finding is supported by defendant's testimony that she freely and voluntarily contributed her funds to the marriage. Under G.S. 50-20(b)(2), "property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance." This statutory provision has been interpreted as creating "a presumption that gifts between spouses are marital property." *McLeod v. McLeod*, 74 N.C. App. 144, 155, 327 S.E. 2d 910, 917 (1985). Since defendant's contribution to the marital residence was a gift, and there was no statement of her intent that it be separate property, the proportion of the home equity derived from her contribution is marital property.

The same conclusion may be reached by interpreting this case in light of another provision in G.S. 50-20(b)(2). The statute in its present version provides, "Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance." This provision applies to actions pending in the District Court Division on 1 August 1983, 1983 N.C. Sess. Laws, c. 640, s. 3, which includes the present case. Although defendant cites this provision in support of her argument that her contributions are separate property, *McLeod, supra*, mandates a different result. "When property titled by the entireties is acquired in exchange for separate property the conveyance itself indicates the 'contrary intention' to preserving separate property required by the statute." *Id.* at 156,

327 S.E. 2d at 918. The evidence and findings reveal that the parties purchased their residence together while they were married, so, nothing else appearing, they owned it as a tenancy by the entirety. *Freeze v. Congleton*, 276 N.C. 178, 171 S.E. 2d 424 (1970). Thus, under *McLeod*, the titling of the residence as entirety property is evidence that the parties intended it to be marital property, and this supports the trial court's finding that it was marital property.

[2]    Defendant next contends the trial court's equal division of marital property was not supported by the evidence and findings. G.S. 50-20(c) requires an equal division unless the trial court, in its discretion, determines that an equal division would not be equitable. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). The party seeking a greater than equal share bears the burden of proving that an unequal division would be equitable with respect to the twelve factors listed under G.S. 50-20(c). *Id.* The evidence and findings in the present case demonstrate that both parties made substantial financial contributions to the marriage. Both parties have income continuing after the marriage, and defendant's income is currently greater than plaintiff's. In addition, defendant owns a large amount of separate property, and plaintiff does not. In these circumstances we cannot hold that the trial court abused its discretion in refusing to grant defendant a greater than equal share, particularly in light of the legislative policy favoring an equal division. Nor does the "additional evidence" set forth in defendant's brief compel an unequal division, and the trial court did not err in failing to make findings based on such minimally relevant evidence.

[3]    Defendant contends the trial court erred in not finding plaintiff's extramarital affairs as a fault relevant to equitable distribution. However, marital fault or misconduct which does not affect the value of marital assets is not a proper factor for consideration under G.S. 50-20(c). *Smith v. Smith*, 314 N.C. 80, 331 S.E. 2d 682 (1985).

[4]    Defendant contends the trial court erred in not finding the net value of the marital property as of the date of separation, 19 September 1981. The trial court's findings determined the 1 July 1983 value of the parties' stock holdings, and determined figures for 1 June 1983 from which the net value of the residence can be

calculated. The present version of G.S. 50-21(b) provides that marital property shall be valued as of the date of separation if divorce was granted on the ground of one year's separation. This version of the statute applies to the instant case since the action was pending on 1 August 1983, 1983 N.C. Sess. Laws, c. 671, s. 2; *Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E. 2d 915 (1985), and the parties obtained an absolute divorce based on one year's separation. Thus the trial court erred in not valuing the marital property as of 19 September 1981. This error has not properly been raised for review under Rule 10 of the N.C. Rules of Appellate Procedure since there are no exceptions to the findings that value the marital property as of June and July 1983. Moreover, the error is without prejudice to the parties. The trial court ordered an equal division of marital property, and there is no evidence of a wasting or depreciation of marital assets after the date of separation. Therefore defendant will be entitled to 50% of the net value of the marital property at the time it is divided, which will reflect 50% of the value of the marital property at the time of separation plus 50% of any appreciation after separation, which will be her separate property. Defendant thus will receive the same amount of property regardless of whether the marital property is valued at the time of separation or at the times found by the trial court.

[5] Defendant contends the trial court erred in failing to find the present value of plaintiff's vested pension rights. We disagree. The original version of G.S. 50-20(b)(2) stated that vested pension rights were separate property. The 1983 N.C. Sess. Laws, c. 758, amended G.S. 50-20 to make vested pension rights a form of marital property. However, this amendment is effective only where the action for divorce is filed on or after 1 August 1983, 1983 N.C. Sess. Laws, c. 811, which does not include the instant case. Accordingly, plaintiff's vested pension rights are separate property which the trial court was required to consider under G.S. 50-20(c)(1) and former 50-20(c)(5). The trial court found the annual sum that plaintiff will receive from his pension. This finding satisfies the requirements of G.S. 50-20(c). There is no additional requirement that the trial court calculate the present value of the pension.

Defendant last contends the trial court abused its discretion in denying her G.S. 1A-1, Rule 59 motion. We have examined defendant's motion and it does not contain any valid grounds

under G.S. 1A-1, Rule 59(a)(1)-(9) for granting a new trial or amending the judgment.

Affirmed.

Judges BECTON and MARTIN concur.