LUEDELL McK. HIGHTOWER v. OBEY HIGHTOWER

No. 8612DC932

(Filed 21 April 1987)

1. **Divorce and Alimony § 19.4— modification of alimony—insufficient showing of changed circumstances**

The trial court did not err in a motion in the cause to reduce alimony payments by failing to conclude that plaintiff wife's increase in income, coupled with defendant husband's plans to remarry, justified a decrease in the amount of alimony he was required to pay where the original order was clearly calculated on the assumption that plaintiff would be able to secure a job paying at least minimum wage, so that her doing so did not substantially alter the relative position of the parties, and defendant did not offer such evidence of in-

creased expenses or other factors which would make his situation unduly burdensome.

2. **Appeal and Error § 16.1; Rules of Civil Procedure § 58— oral order—notice of appeal—authority to enter written findings**

In a motion in the cause to modify alimony in which a notice of appeal was given after the court entered an oral order, the trial court was not divested of authority to make written findings supporting the reasonableness of attorney fees awarded to the wife or findings supporting a judgment for civil contempt. N.C.G.S. § 1-294; N.C.G.S. § 1A-1, Rule 58.

3. **Divorce and Alimony § 19— modification of alimony—attorney fees—evidence sufficient**

There was sufficient evidence in an action to modify alimony to find that plaintiff wife was without means to defray expenses where plaintiff and defendant submitted detailed affidavits of their incomes and expenses, and plaintiff's own uncontradicted evidence showed that her monthly expenses exceeded her monthly income by $632.85.

APPEAL by defendant from *Pate, Judge.* Judgment entered 13 May 1986 in CUMBERLAND County District Court. Heard in the Court of Appeals 9 March 1987.

Plaintiff and defendant were married on 10 October 1964. No children were born of this marriage. On 6 January 1986, the couple were divorced. Prior to the divorce, plaintiff brought an action for alimony. At the time of the hearing on 12 January 1984 defendant was unemployed but had an income of approximately $2,000 per month as a result of payments for a total disability. Plaintiff, although unemployed, was found by the court to be capable of employment and able to secure a job paying at least minimum wage. The court's order directed the payment of permanent alimony in the amount of $550 per month.

On 9 April 1986, defendant filed a motion requesting modification of the previous order of support. He alleged that the income and assets of his former wife had substantially increased and that his own ability to support her had decreased due to additional obligations and dependents. Plaintiff denied these allegations and filed a motion in the cause seeking enforcement of the prior order, alleging that the defendant was wilfully in violation of the order and in arrears on his payments to her. Plaintiff also requested attorney's fees. At the hearing, plaintiff testified that she was 43 years of age and that she was employed at Cape Fear Valley Hospital and earned $4.35 or $4.45 an hour and that her

take-home pay was $538.00 per month. Her duties included clean-ing. Defendant testified that he intended to remarry shortly and that his fiancee had two children; he needed to be able to support his new family. Still totally disabled, he was receiving a tax-free income of $2,092 per month; that amount had increased by $40 since 1984. Both parties submitted affidavits of expenses and in-come.

The trial court entered the following order in open court:

COURT: Alright. In this case based upon the evidence that has been presented to the Court, the only change in the actual circumstances of the parties, will be that in 1984 Mrs. Hightower was unemployed; and as of this date she is em-ployed. Now, the judgment that was entered in January of 1984, actually entered the twenty-fifth day of October, signed the twelfth day of January, 1984. Paragraph Two. The Judge entered a finding that the plaintiff is capable of supporting herself through a job paying the minimum wage, which would indicate to the Court that the award of alimony in that order took into account that she is entitled to some support. There-fore I find no change in circumstances since the entry of that order that would justify a modification of the order. There-fore the motion is denied.

MR. MITCHELL: May I approach the bench?

COURT: Yes.

(At this point there was a bench conference.)

COURT: He has to pay arrearage and a, three hundred dollars in Counsel fees.

MR. BLACKWELL: Thank you, Your Honor.

MR. MITCHELL: Mr. Hightower desires to give notice of appeal to the North Carolina Court of Appeals. And I'll have Judge Pate enter an order on that.

On 22 May the court signed a formal written order including specific findings of fact and conclusions of law. Defendant was held in contempt of court, the execution of which was suspended on condition of payment of arrearages and $300 attorney's fees. From this order, defendant appealed.

*No brief for plaintiff-appellee.*

*Harris, Sweeny and Mitchell, by Ronnie M. Mitchell, for defendant-appellant.*

WELLS, Judge.

[1] Defendant first contends that the court erred in failing to conclude that plaintiff's increase in income, coupled with defendant's own plans to remarry, justified a decrease in the amount of alimony he is required to pay. We disagree.

Upon a showing of changed circumstances, an order for alimony may be modified at any time. N.C. Gen. Stat. § 50-16.9(a). However, the change must be substantial, and the moving party has the burden of proving that the award is either inadequate or unduly burdensome. *Medlin v. Medlin*, 64 N.C. App. 600, 307 S.E. 2d 591 (1983). In the original order, the court clearly calculated the amount of alimony on the assumption that plaintiff would be able to secure a job paying at least minimum wage. That plaintiff has now done so has not substantially altered the relative positions of the parties. With respect to his own change in plans, defendant did not offer such evidence of increased expenses or other factors which would make his situation unduly burdensome. This assignment is overruled.

[2] Defendant next contends that the trial court erred in making no findings of fact in its oral order as to the reasonableness of attorney's fees and as facts supporting his judgment of civil contempt. Defendant acknowledges that findings were made in the subsequent written order, but argues that, upon defendant's notice of appeal given in court after the oral order was entered, the cause was removed from the trial court and it had no power to proceed further and enter a written judgment. Defendant bases his theory upon G.S. § 1-294. That statute provides in pertinent part:

> *Scope of stay; security limited for fiduciaries.* When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from. . . .

Defendant misinterprets the meaning of the phrase "all further proceedings." This Court has previously held that pursuant to the provisions of N.C. Gen. Stat. § 1A-1, Rule 58 of the Rules of Civil Procedure, after "entry" of judgment in open court, a trial court retains the authority to approve the judgment and direct its prompt preparation and filing. *See Condie v. Condie*, 51 N.C. App. 522, 277 S.E. 2d 122 (1981). Such authority necessarily includes making appropriate findings of fact and entering appropriate conclusions of law, and the giving of notice of appeal in open court after "entry" of judgment does not divest the trial court of such authority.

[3] Defendant contends that there was insufficient evidence from which the court could find that plaintiff was without means to defray expenses of the action and that the trial court erred in awarding plaintiff partial payment of attorney's fees. We disagree. Plaintiff submitted a detailed affidavit of her income and expenses, as did defendant. Plaintiff's uncontradicted evidence showed that her monthly expenses exceeded her monthly income by $632.85. This was sufficient to support the trial court's finding that plaintiff lacked sufficient means to sustain the burden of attorney's fees in this action. *See Beaman v. Beaman*, 77 N.C. App. 717, 336 S.E. 2d 129 (1985). This assignment of error is overruled, and the order of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.