SAM WILLIS v. SARAH WILLIS

No. 8626DC1069

(Filed 19 May 1987)

1. **Divorce and Alimony § 30— equitable distribution—home purchased before marriage—separate and marital property**

   Where the wife purchased a home before the marriage and the husband made all the mortgage payments after the marriage, the trial court properly made a dual classification of the home as part separate and part marital, but the court erred when it failed to determine what percentages of the total investment in the home were marital and separate and then to award each estate a proportionate part of the equity in the home.

2. **Divorce and Alimony § 30— equitable distribution—marital property—failure to value on date of separation—absence of prejudice**

   Plaintiff wife was not prejudiced by failure of the trial court to value two joint bank accounts and a cafe as of the date of separation where defendant husband closed the joint accounts and sold the cafe after the date of separation, commingled the proceeds with his separate property in his own bank account, and wrongfully withdrew an amount from his bank account; plaintiff received the proper portion of funds in defendant's bank account; the marital estate was compensated for defendant's wrongful withdrawal; and values determined at the time of separation were used to determine the ultimate distribution of the marital assets.

APPEAL by defendant from *L. Stanley Brown, Judge.* Judgment entered 22 May 1986 in District Court, MECKLENBURG County. Heard in the Court of Appeals 4 March 1987.

*Paul J. Williams for plaintiff appellee.*

*R. Lee Myers for defendant appellant.*

BECTON, Judge.

Defendant, Sarah Willis, appeals from an equitable distribution judgment entered pursuant to N.C. Gen. Stat. Sec. 50-20 (1984). The trial judge concluded that the property should be divided equally. Plaintiff, Mr. Willis, was awarded property having a total value of $16,946.38, and Mrs. Willis received property valued at $18,331.38. Additionally, Mrs. Willis was ordered to pay Mr. Willis $1,385 to compensate for the difference between the values of their respective distributive awards. Mrs. Willis contends that the trial judge erred in his valuation and classification of some of the property. We agree and remand for further proceedings consistent with this opinion.

I

Plaintiff, Sam Willis, filed his Complaint on 28 March 1985, seeking divorce from bed and board, alimony, *pendente lite* and permanent, and an equitable distribution of the marital property. Mrs. Willis filed an Answer and Counterclaim seeking the same relief for herself. The following facts are not in dispute.

Mr. and Mrs. Willis were married in August 1981. Before their marriage, in December 1979, Mr. Willis sold Mrs. Willis a house and lot on Claremont Road. During three years of marriage the Willises lived at the Claremont Road house, and Mr. Willis made all of the mortgage payments which amounted to $9,900.00.

Mrs. Willis raises two issues on appeal: (1) whether the trial court erred in concluding that the Claremont Road property was marital and in finding that it had actively appreciated in the amount of $9,990; and (2) whether the trial court failed to evaluate all of the marital property as of the date of separation and therefore failed to equitably distribute the marital property. We address these in order.

II

[1] Mrs. Willis first argues that the Claremont Road property is her separate property because she purchased it before the marriage and it has remained in her name only. Mrs. Willis's reliance

on the inception of title to determine whether the property should have been classified as marital or separate is misguided. This Court recognized in *Wade v. Wade*, 72 N.C. App. 372, 380, 325 S.E. 2d 260, 268-69 (1985) that "acquisition is an ongoing process of making payment for property or contributing to the marital estate rather than being fixed on the date that legal title to property is obtained." The approach adopted by our courts is commonly known as the "source of funds" approach. *See generally* Sharp, "The Partnership Ideal: The Development of Equitable Distribution in North Carolina," 65 N.C.L. Rev. 195 (1987). Its objective is to ensure that "both the separate and marital estates receive a proportionate and fair return on its investment." *Wade* at 382, 325 S.E. 2d at 269. *See also Lawrence v. Lawrence*, 75 N.C. App. 592, 331 S.E. 2d 186 (1985). When acquisition is ongoing, the property may have a dual classification. In the instant case, the trial judge applied a dual classification to the Claremont Road property, finding that it had a separate property value of $8,410 and a marital property value of $9,900.

Although the evidence supports the trial judge's dual classification of the property, in that the property was acquired in part by the separate estate and in part by the marital estate, we must still determine whether the trial judge erred in determining the proportions invested by the separate and marital estates. The sole factual finding regarding the Claremont Road property's increase in value during the marriage was that the property had a tax value of $23,410 at the time of the marriage and an estimated value of $40,000 at the time the couple separated. The property appreciated $16,990. The marital estate invested $9,900 into the home by way of mortgage payments during the marriage. The separate estate invested an amount not disclosed in the record. The equity is the net value of the property, i.e., its present value minus the outstanding mortgage. The trial judge must divide the equity based on the proportion invested by the marital and separate estates. However, the trial judge assigned a combined marital and separate property value of $18,310 when he distributed the property. The trial judge's characterization of $9,990 as active appreciation does nothing to clarify the award. Mortgage payments are acquisition, not appreciation. An active/passive distinction is of no utility when, as here, the property has a dual classification and each estate, marital and separate, is enti-

tled to a proportionate return on its investment whether appreciation is active or passive. We fail to see any relationship between the values the trial judge assigned to the marital and separate interest in the Claremont Road property and the investment by each estate. The trial judge must determine what percentage of the total investment in the property was marital and what was separate, then award each estate a proportionate return on its investment.

### III

[2]  Mrs. Willis next contends that the trial judge erred by failing to properly value all of the marital property as of the date of separation. She argues that the proceeds from two joint bank accounts and a jointly owned business known as "Sam's Cafe" were not listed among the marital assets, and that the trial judge listed a third of the proceeds from Mr. Willis's account with the United Carolina Bank (UCB account) as marital property, although that account did not come into existence until some time after the Willises separated. The problem faced by the trial judge was that between the date of separation and the date of the hearing, Mr. Willis closed the two joint bank accounts and sold "Sam's Cafe." He placed all the proceeds in his own UCB account, commingling the funds with his separate property. The trial judge found that the UCB account was one part marital and two parts separate property. Thus he included one-third of the balance from the UCB account as marital property. Mrs. Willis does not contest this apportionment by the trial judge. She does contest, however, the trial judge's failure to assign a value to the property as it existed on the date of separation which includes the entire proceeds from the two joint bank accounts and "Sam's Cafe."

The trial judge is required to conduct a three-stage analysis in order to equitably distribute the marital assets. *Little v. Little*, 74 N.C. App. 12, 327 S.E. 2d 283 (1985). He must first ascertain, upon appropriate findings of fact, what is marital property; then determine the net market value of the marital property as of the date of separation; and finally, make an equitable distribution between the parties. *Id.* The marital property is to be distributed equally, unless the court determines equal is not equitable. In the instant case the trial judge did not value all of the marital property as of the date of separation; instead, he used its value at the time of the hearing.

This Court was faced with a similar problem in *Dewey v. Dewey*, 77 N.C. App. 787, 336 S.E. 2d 451 (1985). In *Dewey* the trial judge evaluated the property on the date of the hearing, and this Court found that the judge's failure to use the value on the date of separation was harmless. This Court reasoned that the parties were not prejudiced so long as values determined at the time of separation were used to determine the *ultimate* distributive shares of each party. In *Dewey* "the trial court ordered an equal division of marital property and there [was] no evidence of a wasting or depreciation of marital assets after the date of separation. Therefore defendant [was] entitled to 50% of the net value of the marital property at the time it [was] divided . . . [and] would receive the same amount of property regardless of whether the marital property [was] valued at the time of separation or at the times found by the trial court." *Id.* at 791, 336 S.E. 2d at 453-54.

In the case *sub judice* the marital assets diminished between the date of separation and the date of the hearing. The trial judge himself found that Mr. Willis "wrongfully withdrew $4,071.43" from the UCB account. However, the record also indicates that that amount was added to the marital assets before the 2:1 division. Thus, like *Dewey* we fail to see how Mrs. Willis was prejudiced by the trial judge's use of the wrong evaluation date. Mrs. Willis received the proper proportion of the funds from the UCB account, the marital estate was compensated for Mr. Willis's wrongful expenditures, and values determined at the time of separation were used to determine the ultimate distribution of the marital assets. This assignment of error is overruled.

Affirmed in part, reversed in part, and remanded.

Chief Judge HEDRICK and Judge WELLS concur.