JAMES M. TRUESDALE v. JUANITA TRUESDALE

No. 8712DC249

(Filed 5 April 1988)

1. **Divorce and Alimony § 19.1— notice of appeal—court's power to modify alimony award terminated**

Plaintiff's notice of appeal terminated the trial court's power to modify the alimony provisions of its judgment pronounced in open court.

2. **Divorce and Alimony § 30— equitable distribution of marital property—post-separation appreciation of marital home**

The trial court properly placed a valuation on the parties' marital home on the date of separation, but the court erred in failing to treat the post-separation appreciation of the home as a distributional factor under N.C.G.S. § 50-20(c)(11a) or (12).

Judge PHILLIPS concurring only in the result.

APPEAL by plaintiff from *Keever (A. Elizabeth), Judge.* Judgment entered 30 December 1986 in District Court, CUMBERLAND County. Heard in the Court of Appeals 30 September 1987.

*Harris, Sweeney & Mitchell, by Ronnie M. Mitchell, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

GREENE, Judge.

The parties married in 1960, separated on 14 July 1982, and divorced in September 1983. On 23 October 1986, the trial court rendered a judgment which increased defendant's alimony from $200 to $300 and which divided the parties' marital assets in a ratio of 70 percent to defendant and 30 percent to plaintiff. The parties had stipulated that they purchased the marital home in July 1979 for $37,000, and that the home had a value of $49,000 on the date of separation and a value of $56,000 in February 1986. The trial court distributed the parties' marital property based on the home's net value of $12,661.93 on the date of separation. Seven days after the court rendered this judgment, plaintiff filed written notice of appeal. Three days later the court signed appeal entries fixing the times for serving the proposed record and alternative record on appeal. The trial court's written judgment, which recited it was entered *nunc pro tunc* on 23 October 1986, was signed on 30 December 1986 and contained substantially the same provisions as the judgment rendered 23 October 1986 except that defendant's alimony was increased to $375 a month.

---

These facts present the following issues: (I) whether the trial court retained jurisdiction after plaintiff's written notice of appeal to increase defendant's alimony in its subsequently written judgment; and (II) whether the trial court properly considered the post-separation appreciation of the parties' marital home in making its unequal distribution of the parties' marital property.

I

[1] Plaintiff asserts his 31 October 1986 notice of appeal terminated the trial court's power to modify the judgment pronounced in open court on 23 October 1986. As rendered, the court increased plaintiff's alimony obligation to $300; however, the sub-

sequently written judgment increased his alimony obligation to $375. As the court's 23 October 1986 judgment determined all matters pertaining to alimony and equitable distribution, the judgment was appealable under N.C.G.S. Sec. 1-277 (1983).

A perfected appeal stays all further proceedings in the trial court concerning any matter embraced by the notice of appeal. N.C.G.S. Sec. 1-294 (1983). Plaintiff's 31 October 1986 notice of appeal gave ample notice to defendant of those disputed matters encompassed by the court's subsequently written judgment. *See Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 274, 258 S.E. 2d 864, 867 (1979) (notice of appeal sufficient if puts opposing party on notice of issues raised). Therefore, as perfection of plaintiff's appeal "related back" to the time of trial, any orders regarding the matters appealed from which were entered after the notice were void for lack of jurisdiction. *See Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 580, 273 S.E. 2d 247, 258 (1981).

It is true the stay under Section 1-294 does not prevent the trial court from approving the form of its judgment and making those findings and conclusions necessary to prepare and file its judgment under N.C.G.S. Sec. 1A-1, Rule 58 (1983). *Hightower v. Hightower*, 85 N.C. App. 333, 336-37, 354 S.E. 2d 743, 745 (1987). However, Rule 58 does not authorize the trial court to prepare and file findings and conclusions which contradict those rendered prior to the notice of appeal. Thus, the trial court here had no authority to prepare and file an order increasing the amount of defendant's alimony over that amount ordered in open court prior to plaintiff's notice of appeal. Accordingly, that portion of the court's written judgment increasing defendant's alimony to $375 is modified to reflect the lesser amount of $300 ordered by the court on 23 October 1986. As the record reveals findings of fact which sufficiently support the court's conclusion that changed circumstances justified its original increase of alimony, we reject plaintiff's other challenges to the alimony award.

II

[2] The trial court's distribution of the parties' marital property was based in part on the court's classification of the marital home as marital property having a net value on the date of separation of $12,661.93. Plaintiff argues the trial court should also have classified the marital home's post-separation appreciation as

marital property subject to equitable distribution under Section 50-20(c).

The post-separation appreciation of marital property is itself neither marital nor separate property. Such appreciation must instead be treated as a distributional factor under Section 50-20(c)(11a) or (12) since: (1) Section 50-20(b)(1) restricts the definition of marital property to property "acquired . . . before the date of separation"; (2) Section 50-21(b) mandates the valuation of marital property on the date of separation; and (3) Section 50-20(b)(2) limits the scope of separate property to property acquired before marriage or "by bequest, devise, descent or gift during the course of the marriage." *See* N.C.G.S. Sec. 50-20(b)(1) (1987) ("marital property" means property acquired during marriage and before separation); N.C.G.S. Sec. 50-21(b) (1987) (marital property valued on date of separation); N.C.G.S. Sec. 50-20(b)(2) ("separate property" means property acquired before marriage or acquired by bequest, devise, descent, or gift during the marriage); N.C.G.S. Sec. 50-20(b)(11a) (1987) (in determining if property should be equally distributed, court shall consider acts of either party to increase or decrease marital property's value after separation and before distribution); N.C.G.S. Sec. 50-20(c)(12) (1987) (court shall also consider any other just and proper factor); *see also Becker v. Becker*, 88 N.C. App. 606, 364 S.E. 2d 175 (1988) (treating post-separation "rental value" of marital home as distributional factor); *Johnson v. Johnson*, 78 N.C. App. 787, 790, 338 S.E. 2d 567, 569 (1986) (holding trial court could consider under Section 50-20(c)(12) that wife's separate property depreciated as result of use to enrich marital estate). As one commentator has concluded:

> Identification of the date of mere physical separation with the date for cessation of marital property acquisition is . . . a unique, and potentially troublesome solution to a problem faced in all equitable distribution states. It may create difficulties . . . with property whose value may substantially appreciate or depreciate during the year-long separation period required for divorce in North Carolina. Under Section 50-20(c)(11a), courts may consider as a distributional factor '[a]cts of either party to increase or decrease the value of marital property after separation and before distribution.' . . . Marked increases or decreases in the value of property not caused by either party's acts between the date of separa-

Truesdale v. Truesdale

tion and the date of the equitable distribution action could
. . . be considered under [Section] 50-20(c)(12) as an 'any
other' distributional factor . . .

S. Sharp, *The Partnership Ideal: The Development of Equitable Distribution in North Carolina*, 65 N.C.L. Rev. 195, 204 n. 51 (1987) (quoting text and note) (citations omitted).

Since the trial court valued the marital home on the date of separation as required under Section 21(b), we need not apply the "harmless error" rationale applied by two other courts where the marital property had been valued on the date of distribution. *Cf. Dewey v. Dewey*, 77 N.C. App. 787, 791, 336 S.E. 2d 451, 453-54, *disc. rev. denied*, 316 N.C. 376, 344 S.E. 2d 1 (1986) (error harmless where court equally distributed "net value" based on valuation at distribution since 50% of post-separation appreciation would be each spouse's separate property); *Swindell v. Lewis*, 82 N.C. App. 423, 425, 346 S.E. 2d 237, 239 (1986) (error harmless where court's equal distribution of marital property included 50% of post-separation "passive" appreciation of marital assets since it was separate property). However, we question the apparent approval in *Dewey* and *Swindell* of distributing such appreciation as "separate" property since (1) only marital property is distributed under Section 50-20(c) and (2) post-separation appreciation arising before divorce will not usually meet the definition of separate property under Section 50-20(b)(2) as it is not normally acquired by bequest, devise, descent or gift. Furthermore, we reject the implicit notion in *Dewey* and *Swindell* that it is harmless error to distribute such appreciation so long as it is distributed in the same ratio deemed equitable under Section 50-20(c): the trial court cannot determine in the first place what an equitable distribution ratio would be without first considering evidence of this appreciation as a distributional factor under Section 50-20(c)(11a) or (12).

As there has been no exchange, contribution or conversion of marital funds or assets, we likewise decline to extend to these facts the source-of-funds analysis employed in *Peak v. Peak*, 82 N.C. App. 700, 704-05, 348 S.E. 2d 353, 356-57 (1986) (where marital funds converted to other assets after separation, court held marital estate "entitled" to return on those funds proportionate to appreciation of property acquired); *cf. Wade v. Wade*,

72 N.C. App. 372, 378-80, 325 S.E. 2d 260, 268-69, *disc. rev. denied,* 313 N.C. 612, 330 S.E. 2d 616 (1985) (property classified as "dual" property since marital funds used to improve house and lot acquired before marriage); *Sharp,* 65 N.C.L. Rev. at 219-20 (summarizing examples where *source-of-funds* analysis previously used). Applying either the *Dewey/Swindell* or *Peak* approaches to these facts is inconsistent with the legislative intent expressed in both the restrictive definitions of marital and separate property under Section 50-20(b) and in the requirement of Section 50-21(b) that marital property be valued on the date of separation. Our approach permits the trial court to distribute the marital property in any ratio deemed equitable through the award of adjustive credits reflecting the court's consideration of post-separation appreciation as a distributional factor. Unlike the *Dewey/Swindell* approach, our approach also permits the trial court to award a return on marital investments or assets without contravening either the definition of marital property or the required statutory date of valuation.

However, while we uphold the trial court's valuation of the marital home on the date of separation, the record on appeal demonstrates the trial judge here did not properly consider the post-separation appreciation as a distributional factor under Section 50-20(c)(11a) or (12). The trial court's order shows that, while it properly determined the net value of the marital home on the date of separation, it made no finding concerning the home's subsequent appreciation since it specifically stated that it only considered those factors set forth in Section 50-20(c)(1), (5), (7) and (8). The trial judge must consider those distributional factors raised by the evidence. *See White v. White,* 312 N.C. 770, 776-77, 324 S.E. 2d 829, 832-33 (1985). As the record clearly reveals evidence which would require the court's consideration of post-separation appreciation under Section 50-20(c)(11a) and (12), we must vacate the court's order insofar as it distributed the parties' marital property. In passing, we note the record only reflects appreciation of the marital home as of February 1986 although the court ordered distribution in October 1986; on remand, the court should hear additional evidence concerning the subsequent appreciation of the marital home. Plaintiff's remaining assignments of error merely restate challenges to the trial court's equitable

distribution order which we reject as moot or meritless in light of our earlier discussion.

Modified in part, vacated in part and remanded for further proceedings consistent with this opinion.

Judge COZORT concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring only in the result.

As to the difference between the alimony order as orally *entered* and as signed the point, it seems to me, is simply that the only differences Rule 58, N.C. Rules of Civil Procedure, authorizes are in *form*, whereas, the amount a party is required to pay is a matter of substance, and cannot be increased after appeal is taken. And as to the equitable distribution of the marital assets the lesson to be derived from this case, I believe, is merely that when essentially the only marital asset greatly increases in value between the separation and distribution the "equalizing" payment required of the one receiving the asset cannot be equitably based just on the former, deflated value, but account must be taken of the increase and why it occurred.