ANN F. McKENZIE v. OWEN RAY McKENZIE

No. 8415DC999

(Filed 4 June 1985)

**Divorce and Alimony § 30— equitable distribution—improper before absolute divorce**

Pursuant to G.S. 50-21(a), the trial court was without authority to enter an order of equitable distribution with the consent of the parties prior to a decree of absolute divorce.

Judge PHILLIPS concurring.

APPEALS by plaintiff and defendant from *Washburn, Judge.* Judgment entered 13 June 1984 in District Court, ALAMANCE County. Heard in the Court of Appeals 17 April 1985.

Plaintiff instituted this action seeking a divorce from bed and board and an equitable distribution of the marital property. With the consent of the parties, the court entered an order on 12 May 1983 granting the parties a divorce from bed and board and ordering the parties to prepare for and appear at a hearing for the purpose of equitably distributing the marital property. The parties consented to an equitable distribution of the marital property regardless of whether or not an absolute divorce had been granted at the time of the distribution. On 13 June 1984, with the consent of the parties, the court entered an order equitably distributing the parties' property. The parties appeal from that order.

McKenzie v. McKenzie

*Daniel H. Monroe and Latham and Wood, by James F. Latham and William Eagles, for plaintiff.*

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by Wiley P. Wooten and T. Randall Sandifer, for defendant.*

JOHNSON, Judge.

At the time the order of equitable distribution was entered, the parties had not received an absolute divorce, nor had they received an absolute divorce at the time of oral argument, as counsel conceded in oral argument. G.S. 50-21(a) specifically provides:

> Upon application of a party to an action for divorce, an equitable distribution of property *shall follow* a decree of absolute divorce. . . . The equitable distribution *may not precede* a decree of absolute divorce. (Emphasis added.)

Although the court had jurisdiction over the parties and their property, it was without authority to enter the order of equitable distribution preceding an absolute divorce in light of the explicit language of G.S. 50-21(a). The order of the trial court is a nullity and must be vacated.

Vacated.

Judges WHICHARD and PHILLIPS concur.

Judge PHILLIPS concurring.

Though the judicial settlement of marital suits on almost any terms agreeable to the parties is strongly encouraged by public policy, the judicial settlement undertaken in this instance has been expressly forbidden by our law making body and we cannot enforce it. Equitable distribution before divorce has been banned, I suppose, because the General Assembly is interested in achieving finality as well as equity in marital adjudications and a distribution made before the decree is more subject to upset than one made after the decree. In all events the legislative ban is too plain for us to disregard it, though doing so might expedite the settlement of this particular case.