Collar v. Collar

No. 8610DC717

(Filed 2 June 1987)

**Divorce and Alimony § 30— no equitable distribution before absolute divorce — written agreement no exception**

Where the parties reduced their agreement for distribution of marital property to writing and orally acknowledged it before a certifying officer, but defendant refused to sign the agreement, it was not duly executed as required by N.C.G.S. § 50-20(d) and therefore could not be an exception to N.C.G.S. § 50-21(a), which provides that the equitable distribution of marital property may not precede a decree of absolute divorce except where there is a duly executed and acknowledged written agreement.

APPEAL by defendant from *Payne, Judge*. Order entered 30 May 1986 in District Court, WAKE County. Heard in the Court of Appeals 11 December 1986.

Plaintiff-wife brought this action to obtain a divorce from bed and board, temporary and permanent alimony, custody of and support for the minor child, exclusive possession of the marital residence and its contents, and attorney's fees.

At the hearing on the issues, held 12 December 1984, counsel for both parties requested that the matter be held open for settlement discussion. The trial court agreed to this request, and subsequently both parties, accompanied by counsel, appeared before the trial court with an agreement purporting to settle all matters in controversy, including the division of marital property.

Plaintiff's attorney prepared a consent judgment incorporating the terms of the in-court settlement agreement. When presented with the consent judgment, defendant refused to sign it. However, plaintiff signed the judgment and submitted it to the trial court. On 3 April 1985, the trial court signed plaintiff's consent judgment and incorporated it into the trial court's judgment rendered in this case.

Defendant did not appeal the entry of the judgment until 8 November 1985. At that time defendant filed a motion to set aside part of the judgment as void pursuant to N.C.G.S. § 1A-1, Rule 60. The trial court denied defendant's motion, and in the order arising out of the hearing of the motion, the trial court found, in pertinent part, the following facts:

1. This case was first set for hearing before the undersigned [judge] on December 12, 1984 at which time counsel for both parties asked that the matter be held open to allow settlement discussions; thereafter, the parties and their attorneys appeared in open court, announced that a full settlement had been reached and stated the terms of the settlement; both parties were asked in open Court if the terms of the agreement had been fully and accurately stated and if they consented to the said agreement; both parties answered in the affirmative; a written transcript of these proceedings was later prepared and is part of the file herein;

2. Thereafter counsel for plaintiff prepared a Consent Order reflecting the in-Court agreement of December 12, 1984; this Order was submitted to the defendant who refused to sign it; the Order was thereafter submitted to the under-

signed [judge] and was signed by the undersigned [judge] on April 3, 1985;

    3. At the time of the December 12, 1984 hearing and the April 3, 1985 Order the parties were still lawfully married to each other;

Based on these facts the trial court concluded as a matter of law that:

    1. The December 12, 1984 in-court proceedings between the parties, both being represented by competent legal counsel, constitute a valid and enforceable contract or separation agreement as provided by G.S. 50-20(d), G.S. 52-10(c) and G.S. 52-10.1;

Defendant appeals the denial of this motion.

*White and Crumpler, by G. Edgar Parker, Robin J. Stinson and Christopher L. Beal, attorneys for plaintiff appellee Edna Lee Hilton Collar.*

*Ragsdale & Kirschbaum, P.A., by William L. Ragsdale, attorney for defendant appellant John Howard Collar, Jr.*

ORR, Judge.

Defendant contends on appeal that the portion of the 3 April 1985 judgment addressing distribution of marital property is void because it violates the prohibition in N.C.G.S. § 50-21 against court-ordered equitable distribution before the granting of absolute divorce.

Defendant's appeal is brought pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4), which authorizes a court, on a motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding if the judgment is void. N.C.G.S. § 1A-1, Rule 60(b)(4) (1983).

Findings of fact made by a trial judge upon a Rule 60(b) motion are binding on appeal if supported by any competent evidence. *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971). Whereas, "[t]he conclusions of law made by the judge upon the facts found by him are reviewable on appeal." *Norton v. Sawyer*, 30 N.C. App. 420, 422, 227 S.E. 2d 148, 151, *disc. rev. denied,*

291 N.C. 176, 229 S.E. 2d 689 (1976); *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954).

After reviewing the record we are convinced that the judge's findings of fact are supported by competent evidence. We are not convinced, however, that these facts support the judge's conclusion of law that the agreement negotiated by the parties was a N.C.G.S. § 50-20(d) agreement, and, thus, excepted from the N.C.G.S. § 50-21 strictures.

N.C.G.S. § 50-21(a) specifically states that the equitable distribution of marital property may not precede a decree of absolute divorce. N.C.G.S. § 50-21 (1984). *McKenzie v. McKenzie*, 75 N.C. App. 188, 330 S.E. 2d 270 (1985). N.C.G.S. § 50-20(d) provides an exception to this rule, permitting distribution of marital property before absolute divorce, but only: "[1] by [a] written agreement, [2] duly executed and [3] acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1 . . . ." N.C.G.S. § 50-20(d) (1984).

As the trial court's findings of fact note, the parties reduced their agreement to writing and orally acknowledged it before a certifying officer. However, as these facts further disclose, defendant refused to sign the agreement. This refusal prevented the agreement from being "duly executed." The legal definition of "execute" is ". . . to *sign* . . . . To perform all necessary formalities, as to make and *sign* a contract, or *sign* and deliver a note." Black's Law Dictionary 509 (rev. 5th ed. 1979) (emphasis added). Consequently, without the signature of both the husband and the wife, an agreement may not conform to the requirements of N.C.G.S. § 50-20(d).

For this reason, the 3 April 1985 judgment, which effectuated a distribution of the parties' marital property, must be described as a court-ordered equitable distribution before absolute divorce. Such an action is expressly prohibited by N.C.G.S. § 50-21(a). Accordingly, a judgment ordering such action is without authority, null, and void. *McKenzie v. McKenzie*, 75 N.C. App. 188, 330 S.E. 2d 270.

This Court concludes, therefore, that the trial court erred in denying defendant's motion and finds that the portion of the 3

April 1985 judgment pertaining to the distribution of marital property is a nullity and must be vacated.

Vacated.

Judges ARNOLD and PHILLIPS concur.