JOHN HOWARD COLLAR, JR. v. EDNA LEE HILTON COLLAR

No. 8610DC718

(Filed 2 June 1987)

APPEAL by plaintiff from *Payne, Judge.* Order entered 30 May 1986 in District Court, WAKE County. Heard in the Court of Appeals 11 December 1986.

Defendant Edna Collar brought an action to obtain a divorce from bed and board, temporary and permanent alimony, custody of and support for the minor child, exclusive possession of the marital residence and its contents, and attorney's fees from plaintiff John Collar.

At the hearing on these issues, held 12 December 1984, counsel for both parties requested that the matter be held open for settlement discussion. The trial court agreed to this request, and subsequently both parties, accompanied by counsel, appeared before the trial court with an agreement purporting to settle all matters in controversy.

Defendant's attorney prepared a consent judgment incorporating the terms of the in-court settlement agreement. When presented with the consent judgment, plaintiff refused to sign it. However, defendant signed the judgment and submitted it to the trial court. On 3 April 1985, the trial court signed defendant's consent judgment and incorporated it into the trial court's judgment rendered in the case.

On 9 May 1985 plaintiff filed a complaint seeking absolute divorce from defendant and equitable distribution of their marital property. The trial court severed the two issues and granted plaintiff's request for absolute divorce without a jury trial. De-

fendant then moved for summary judgment on the issue of equitable distribution, contending that the 3 April 1985 judgment prohibited further litigation of this matter. The trial court granted defendant's motion. From this decision, plaintiff appeals.

*Ragsdale & Kirschbaum, P.A., by William L. Ragsdale, attorney for plaintiff appellant John Howard Collar, Jr.*

*White and Crumpler, by G. Edgar Parker, Robin J. Stinson and Christopher L. Beal, attorneys for defendant appellee Edna Lee Hilton Collar.*

ORR, Judge.

This is plaintiff's second appeal to this Court challenging the validity of the 3 April 1985 consent judgment. In the companion case, *Collar v. Collar*, 86 N.C. App. 105, 356 S.E. 2d 405 (1987), plaintiff moved to set aside that portion of the trial court's judgment addressing distribution of marital property on the grounds that it violated the prohibition in N.C.G.S. § 50-21 against court-ordered equitable distribution before the granting of absolute divorce. Defendant responded in that case by contending that the 3 April 1985 judgment was a N.C.G.S. § 50-20(d) agreement, which is excepted from the N.C.G.S. § 50-21 restriction.

Plaintiff correctly acknowledges that our decision in the above mentioned case determines the present appeal. In that prior appeal, we held that the 3 April 1985 judgment did not comply with the requirements of N.C.G.S. § 50-20(d), was in violation of the N.C.G.S. § 50-21 prohibition, and, thus, was null and void. It is unnecessary to repeat in this case the original discussion of that holding. Instead we incorporate by reference our prior opinion.

Therefore, the trial court's granting of defendant's motion for summary judgment in the present case, based on the validity of the trial court's judgment, was an error. We vacate the trial court's decision, and remand this case to the trial court for the equitable distribution of the parties' marital property in conformity with N.C.G.S. § 50-20.

Vacated and remanded.

Judges ARNOLD and PHILLIPS concur.