Nellie D. CHAMBLEE, Plaintiff

v.

Mike ESPY, Secretary of the United States Department of Agriculture; Mike Dunn, National Administrator of Farmers Home Administration; James C. Kearney, North Carolina State Director of Farmers Home Administration; Calvin Askew, Farmers Home Administration Supervisor for Hertford County, North Carolina; and Terrence Evans, in his capacity as the duly appointed commissioner for the sale of the "Cowan Farm," Hertford County, North Carolina, File Number 94 SP–1, Defendants.

No. 2:94–CV–45–BO(1).

United States District Court,
E.D. North Carolina,
Northern Division.

Oct. 27, 1995.

Stephen Alan Woodson, Ahoskie, NC, for Plaintiff.

Stephen A. West, Assistant U.S. Attorney, Raleigh, NC, for Defendants Mike Espy, Mike Dunn, James C. Kearney and Calvin Askew.

L. Frank Burleson, Jr., Revelle, Burleson, Lee & Revelle, Murfreesboro, NC, for Defendant Terrence Evans.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on defendants' motion for summary judgment, plaintiff's motion for a preliminary injunction, plaintiff's motion to amend her complaint, and plaintiff's motion to join necessary parties. Finding no jurisdiction to review the agency action, the court grants defendants' motion for summary judgment and denies plaintiff's motion for a preliminary judgment. Plaintiff's other motions are therefore moot.

Plaintiff is obligated to the Farmers Home Administration (FmHA) for three loans on which her deceased husband was co-obligor. The loans were secured by the husband's farm equipment. After her husband's death in 1987, Plaintiff became delinquent on her FmHA loan payment. Subsequently, FmHA sent plaintiff a 1951–s loan servicing package application, a form of debt relief, which plaintiff filed. At a voluntary meeting of creditors on June 29, 1989, FmHA learned that the estate of plaintiff's husband remained open and contained substantial assets. Pursuant to instructions from the USDA's Office of General Counsel (OGC), FmHA suspended primary servicing action until other avenues of collection had been explored. Plaintiff was notified that her application would be re-evaluated after collections from her husband's estate had been applied to the debt.

Plaintiff filed an administrative appeal of the decision to suspend the loan servicing. The FmHA National Appeals Staff opened an appeal file, but suspended the administrative appeal upon learning of the involvement of the OGC. The servicing and the appeal remain suspended pending completion of the estate proceeding.

Plaintiff filed this action seeking review of the administrative actions and a preliminary injunction enjoining the sale of property from the estate of her deceased husband. Defendants now move for summary judgment on the grounds that the court lacks subject matter jurisdiction over the dispute due to the absence of any final agency action.

In order to grant a motion for summary judgment, the court must determine, in the light most favorable to the non-moving party, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Finding no dispute as to any material fact, the court reviews the motion to determine whether defendants are entitled to judgment as a matter of law.

In her complaint plaintiff avers that defendants violated their own regulations by denying plaintiff the right to an administrative appeal to which she is entitled under 7 C.F.R. § 1900.55(a). That regulation provides that decisions that "directly and adversely affect" program borrowers are appealable to the National Appeals Staff. 7 C.F.R. § 1900.55(a) (Jan. 1, 1989). In turn, the regulation defines the phrase "directly and adversely affected" as "having a request for FmHA assistance denied in whole or in part or having FmHA assistance reduced, cancelled or not renewed." *Id.* § 1900.52(i). Plaintiff alleges that she was adversely affected by FmHA's decision to suspend the primary loan servicing and that this court has jurisdiction to review the administrative action because the suspension of her administrative appeal is a final agency action.

Pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 et seq., this court has jurisdiction to review agency actions made reviewable by statute or final agency actions for which there is no other adequate remedy in a court. *Id.* § 704. Plaintiff argues that the court has jurisdiction on the latter ground. FmHA's suspension of the loan servicing or plaintiff's administrative appeal is not, however, a final agency action. Rather than denying plaintiff's application for primary loan servicing as alleged by plaintiff, FmHA has only suspended the process because she is not eligible for that form of debt relief due to the presence of assets in her deceased husband's estate. Agency regulations require that FmHA request the OGC to effect collection when, as here, assets are available in the debtor's estate. 7 C.F.R.

§ 1962.46(f) (Jan. 1, 1989). Upon referral to OGC, FmHA must suspend its loan servicing. *Id.* § 1962.49(d). Thus, the court is without jurisdiction under § 704 to review the agency action in this case because no final action has been taken in regard to the application for loan servicing or plaintiff's administrative appeal.

 In rare situations, however, courts may exercise "interlocutory review of nonfinal administrative action where the agency proceedings suffer from a fundamental infirmity requiring a court to act immediately to protect [petitioner's] rights to a fair proceeding." *State of N.C. Envtl. Policy Inst. v. E.P.A.,* 881 F.2d 1250, 1256–57 (4th Cir.1989) (quoting *Gulf Oil Corp. v. Dept. of Energy,* 663 F.2d 296, 312 (D.C.Cir.1981)). This power to grant equitable relief derives from the All Writs Act, 28 U.S.C. § 1651, and from the "inherent power of courts in cases which they might ultimately review on the merits … to preserve a substantial right from irretrievable subversion in an administrative proceeding." *Id.* at 1257 (quoting *Nader v. Volpe,* 466 F.2d 261, 269 (D.C.Cir.1972)). Before exercising this review, a court must determine whether the agency action constitutes an effective deprivation of the complainant's rights necessitating interlocutory intervention or whether normal administrative processes offer sufficient protection from irremediable harm. *Id.*

Plaintiff fails, however, to allege a deprivation of her rights. Pursuant to its regulations, FmHA has suspended the loan servicing debt relief procedures while it attempts collection from the estate of plaintiff's deceased husband. Under North Carolina law, the property held by the estate is not property of plaintiff despite her status as devisee. *See* N.C.Gen.Stat. § 28A–15–1 (providing that real and personal property of a decedent is available to satisfy debts); *id.* § 28A–17–1 (authorizing executor to sell land for payment of debts); *Swindell v. Lewis,* 82 N.C.App. 423, 426, 346 S.E.2d 237 (1986). Thus, plaintiff's rights are not at stake. In addition, as discussed above, plaintiff is not entitled to an administrative appeal at this point in the administrative proceedings because loan servicing has been suspended rather than denied and the collection of the obligations from her husband's estate is not an action which "directly and adversely" affects plaintiff. Accordingly, the court finds no deprivation of plaintiff's rights, and thus is without jurisdiction to conduct an interlocutory review of the agency action.

 For similar reasons the court must deny plaintiff's motion for a preliminary injunction against the sale of property from her husband's estate to pay debts of the estate. The Anti–Injunction Act prohibits federal courts from granting injunctions to stay proceedings in state courts except where authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283. The only exception arguably applicable here is that permitting an injunction where necessary in aid of the court's jurisdiction. The court has already found, however, that it lacks jurisdiction in this matter. Thus, the court may not enjoin the probate proceedings.

Accordingly, defendant's motion for summary judgment is GRANTED and plaintiff's motion for a preliminary injunction is DENIED. Plaintiff's pending motions are therefore moot.