FRANCES LEE NANCE McIVER v. GARY CALVIN McIVER

No. 8522DC47

(Filed 1 October 1985)

**Divorce and Alimony § 30— equitable distribution—necessity for absolute divorce**
> An order of equitable distribution must be supported by a finding of fact, based on competent evidence, that a judgment of absolute divorce has been entered by a court of competent jurisdiction. G.S. 50-21(a).

APPEAL by defendant from *Fuller, Judge.* Judgment entered 4 September 1984 in District Court, IREDELL County. Heard in the Court of Appeals 16 September 1985.

This is an action for alimony without divorce in which plaintiff also seeks equitable distribution of the marital property and attorney fees. Plaintiff alleges in her complaint that she made valuable contributions to the marital relationship, and as a dependent spouse unable to support herself is therefore entitled to one-half of the marital property. Defendant filed an answer, cross-action, and counterclaim in which he denied that plaintiff made any contribution to the property at issue and sought recovery of monies plaintiff converted for her own use during the marriage. On 16 September 1982, plaintiff filed a response denying defendant's charges. On 16 December 1983, plaintiff filed an equitable distribution affidavit which listed the value of all property owned by plaintiff or defendant, stated the source of the funds used to acquire each property, and proposed a distribution. Defendant filed his equitable distribution affidavit on 1 February 1984. Defendant filed an amended affidavit on 27 August 1984. The case came on for hearing on 27 August 1984. The equitable distribution action was decided by the trial judge solely upon the pleadings and affidavits. Defendant's request that oral testimony be presented at the hearing was denied by the trial judge. In an order filed 5 September 1984, the court entered judgment for equitable distribution. The court found several items to be marital property, awarded plaintiff title to an automobile and several major appliances, and ordered defendant to pay plaintiff $13,250 as her one-half interest in the marital home. Defendant appealed from the entry of this Order.

*No counsel for plaintiff, appellee.*

*William L. Durham for defendant, appellant.*

---

---

HEDRICK, Chief Judge.

Actions for equitable distribution are subject to the requirements of G.S. 50-21(a) which provides in relevant part that:

> Upon application of a party to an action for divorce, an equitable distribution of property *shall follow* a decree of absolute divorce. . . . The equitable distribution *may not precede* a decree of absolute divorce. . . .

(Emphasis added.)

In *McKenzie v. McKenzie*, 75 N.C. App. 188, 330 S.E. 2d 270 (1985), this Court held that the trial judge had no authority to enter a judgment of equitable distribution when the record contained no indication that a judgment of absolute divorce had been entered. In the present case the court made no finding that a judgment of absolute divorce had been entered; indeed, the record before us contains no competent evidence that there was an absolute divorce. We hold that an order of equitable distribution must be supported by a finding of fact, based on competent evidence, that a judgment of absolute divorce has been entered by a court of competent jurisdiction. The judgment in the present case, purportedly an equitable distribution of the marital property, is not supported by this essential finding of fact. Because the critical finding that an absolute divorce had been granted is absent, this judgment must be vacated.

Vacated.

Judges ARNOLD and COZORT concur.