MARJORIE M. SWINDELL v. WILLIAM H. LEWIS, JR., ET ALS

No. 852DC1251

(Filed 5 August 1986)

**1. Divorce and Alimony § 30— equitable distribution—separation in 1972 and divorce in 1983—appreciation of real property**

 The trial court in a divorce and equitable distribution action did not err by awarding plaintiff a one-half undivided interest in real property which had a value of $316,193 in 1972, the year of separation, and a value of $913,889 in 1983, the year absolute divorce was granted. The result in this case would be the same whenever the property was valued because plaintiff would be entitled to 50% of the marital property at separation plus 50% of any appreciation after separation because defendants did not show that the property's appreciation was due to the deceased husband's contributions. N.C.G.S. § 50-21(b).

**2. Divorce and Alimony § 30— equitable distribution—defendant died while action pending—heirs properly joined**

 The trial court did not err by ordering joinder of Melvin Swindell's heirs at law as necessary parties where an action for divorce and equitable distribution was brought while Melvin was alive and the administrator of his estate was substituted as a party after his death because title to his real property vested in his heirs at his death. N.C.G.S. § 28A-15-2(b) (1984).

APPEAL by defendants from *Ward, Judge.* Judgment entered 26 June 1985 *nunc pro tunc* 10 February 1983 in HYDE County District Court. Appeal by plaintiff from *Ward, Judge.* Judgment entered 29 June 1985 in HYDE County District Court. Heard in the Court of Appeals 6 May 1986.

 Plaintiff wife filed this action seeking absolute divorce and equitable distribution. Summons was issued on 6 October 1981. Absolute divorce was granted on the ground of one year separation on 5 January 1983. On 12 February 1983 the court appointed an appraiser to determine the value of the real property at issue. On 27 June 1984 an order was entered finding that the defendant Melvin Swindell had died intestate and ordering that the administrator of defendant's estate, R. W. Hutchins, be substituted as defendant and that certain claimed heirs-at-law be added as parties defendant. On 1 November 1984 plaintiff filed a motion to rescind the order joining additional parties. On 9 January 1985 the court ordered that William H. Lewis, Jr. be substituted for R. W. Hutchins as administrator of the estate.

After five hearings on the equitable distribution issue the trial court concluded that an equal division of the marital real properties was equitable. The court ordered on 26 June 1985 *nunc pro tunc* 10 February 1983 that those tracts found to be marital property were to be divided in kind; one-half undivided interest in each tract to plaintiff and one-half undivided interest to the decedent Melvin Swindell, as tenants in common, and ordered that reciprocal deeds be executed to effect transfer of title. Defendants William Lewis, Gloria Lowe, Roger Swindell and Bonnie Selby appealed.

On 29 June 1985 the trial court entered an order denying plaintiff's motion to rescind the order joining additional parties. Plaintiff appealed.

*Maupin Taylor Ellis & Adams, P.A., by R. Stephen Camp, Steven M. Rudisill and Holmes P. Harden, for plaintiff.*

*Everett, Everett, Warren & Harper, by Edward J. Harper, II, and Lewis, Lewis, Burti & Cummings, by Howard J. Cummings, for defendant William Lewis.*

*Carter, Archie & Hassell, by Sidney J. Hassell, Jr., for defendant Gloria Lowe.*

*Hall, Hill, O'Donnell, Taylor & Manning, by Raymond M. Taylor, for defendants Gene Swindell and Sybil Swindell.*

*J. Michael Weeks, P.A., by J. Michael Weeks, for defendant Roger Swindell.*

*Davis & Davis, by George Thomas Davis, Jr., for defendant Bonnie Selby.*

WELLS, Judge.

## Defendant's Appeal

[1] In its judgment of 26 June 1985 the trial court listed appraised values of the marital real property as of 1972, the year of the couple's separation, and 1983, the year absolute divorce was granted. The cumulative value of the properties in 1972 was $316,193.00 and in 1983 was $913,889.00. Appellants contend that, once the property is valued as of the date of separation as mandated by N.C. Gen. Stat. § 50-21(b) (1984), plaintiff's half should be

$158,096.50; therefore, it was error to award her a one-half undivided interest that in 1983 had a value of $456,944.50. In effect, appellants argue that the court's "equal division" was in fact unequal. We do not agree and affirm the trial court's judgment.

We note at the outset that the 1983 amendments which included G.S. 50-21(b) apply to this action as it was pending on 1 August 1983. *Talent v. Talent*, 76 N.C. App. 545, 334 S.E. 2d 256 (1985). The amended statute reads as follows:

> If the divorce is granted on the ground of one year separation, the marital property *shall be valued* as of the date of separation . . . . [Emphasis added.]

G.S. 50-21(b).

The result of this particular division would be the same whenever the property was valued. Even if we assume that the property division was made on the basis of 1983 values, that division would merely reflect the 50% of the marital property that plaintiff was entitled to at separation plus 50% of any appreciation after separation, which would be her separate property. *Dewey v. Dewey*, 77 N.C. App. 787, 336 S.E. 2d 451 (1985). This is so because defendant administrator has not shown that the properties' appreciation was due to the deceased's contributions, monetary or otherwise. *Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260, *disc. rev. denied*, 313 N.C. 612, 330 S.E. 2d 616 (1985). The plaintiff thus receives the same amount of property regardless of whether the marital property was considered at its 1972 value or its 1983 value. Appellants have failed to show any prejudice from the court's actions.

Appellants contended at oral argument that this interpretation would render G.S. 50-21(b) a "dead letter." In some cases, the value of property at the time of separation will have important consequences for the award. Value of property at the time of separation is especially important when an appreciation or diminution in the value of the property has taken place since separation due to acts of a spouse's separate contributions, *see Wade, supra;* e.g., the incurring or removing of encumbrances by one spouse, *see Dorton v. Dorton*, 77 N.C. App. 667, 336 S.E. 2d 415 (1985). In the circumstances of this case, in which determination of a later appreciated value does not change the result, the statutory pur-

pose has not been frustrated. This assignment of error is over-ruled and the 26 June 1985 judgment is affirmed.

## Plaintiff's Appeal

[2]   Plaintiff has appealed the 29 June 1985 judgment of the trial court refusing to rescind its previous order joining the claimed heirs-at-law. When the action for divorce and equitable distribu-tion was first brought, defendant Melvin Swindell was, of course, alive. At that time only Melvin Swindell and Marjorie Swindell had an interest in the litigation. When Melvin died, the adminis-trator of his estate was substituted as party defendant. Plaintiff contends that joining Melvin's heirs-at-law constituted reversible error.

When a property owner dies intestate, the title to his real property vests immediately in his heirs. N.C. Gen. Stat. § 28A-15-2(b) (1984). The decedent's personal representative has the power, upon petition to the clerk of superior court, to sell decedent's real property for payments of debts and other claims against the decedent's estate, N.C. Gen. Stat. § 28A-17-1 (1984), but the proceeding is an adversary one, requiring that the heirs be made parties. N.C. Gen. Stat. § 28A-17-4 (1984); *In re Estate of Daniel*, 225 N.C. 18, 33 S.E. 2d 126 (1945). If an heir is not joined, the order of sale is void as to him. *Card v. Finch*, 142 N.C. 140, 54 S.E. 1009 (1906); *Lucas v. Felder*, 261 N.C. 169, 134 S.E. 2d 154 (1964). If this were not the case, the heir would be left without practical remedy. "He should, as a matter of common justice, have just opportunity to see that the occasion had properly arisen for resort to the land described or devised to him, and to show the contrary if he could." *Perry v. Adams*, 98 N.C. 167, 3 S.E. 729 (1887).

We believe the situation in the case at bar to be closely analogous. The title to this property, in Melvin Swindell's name, vested in the heirs at the moment of Melvin's death. The order of the court directing the deeding of a one-half undivided interest in this property to plaintiff would divest the heirs of title to this interest with the same finality as would an order to sell that in-terest. We hold that the heirs were necessary parties to the equitable distribution action. Accordingly, the trial court did not err in its order to join them.

The judgments of 26 June 1985 and 29 June 1985 are

Affirmed.

Judges ARNOLD and BECTON concur.