CARMEL F. CALDWELL, PLAINTIFF v. JORETTA C. CALDWELL, DEFENDANT

No. 8830DC1140

(Filed 16 May 1989)

**Divorce and Alimony § 30; Abatement and Revival § 13— divorce and equitable distribution—death of party—action moot**

The trial court did not err by dismissing plaintiff's action for divorce and defendant's counterclaim for equitable distribution where plaintiff was killed in an automobile accident after the counterclaim but before any other pleadings or actions were taken. Plaintiff's death dissolved the marital status and, since there is no longer a marital status upon which a final decree of divorce may operate, there can also be no basis upon which a judgment of equitable distribution could be rendered. N.C.G.S. § 50-21(a).

APPEAL by defendant from *Bryant, Steven J., Judge.* Order entered 14 September 1988 in District Court, HAYWOOD County. Heard in the Court of Appeals 20 April 1989.

Defendant appeals from an order dismissing plaintiff's action for divorce and defendant's counterclaim for equitable distribution.

*McLean & Dickson, P.A., by Russell L. McLean, III, for plaintiff-appellee.*

*Alley, Hyler, Killian, Kersten, Davis and Smathers, by George B. Hyler, for defendant-appellant.*

JOHNSON, Judge.

The sole issue raised by defendant in this appeal is whether the trial court erred in dismissing plaintiff's action for divorce and defendant's counterclaim for equitable distribution.

CALDWELL v. CALDWELL

[93 N.C. App. 740 (1989)]

The facts are simple and not in dispute. On 12 January 1988, plaintiff instituted an action for divorce against defendant, Joretta C. Caldwell, alleging, *inter alia*, that the parties had been separated from each other for more than one year; and that there were certain properties subject to equitable distribution. Defendant filed answer denying that plaintiff was entitled to a divorce based on one year's separation in that the parties had not lived separate and apart for one year. Defendant also counterclaimed, alleging that the parties had not been separated for one year, but that in the event the court found that the parties had been so separated, the defendant requested equitable distribution of the parties' marital property.

Plaintiff was killed in an automobile accident on 27 March 1988 before any other pleadings or actions were taken. On 29 April 1988, counsel for plaintiff moved to dismiss the divorce action and the counterclaim. Thereafter, a hearing was held on the motion to dismiss and the court granted the motion dismissing all matters because of the death of the plaintiff. Defendant appealed.

Defendant argues that both the action for divorce and her counterclaim for equitable distribution survived the death of her husband. We disagree.

G.S. sec. 1A-1, Rule 25(a) provides: "No action abates by reason of the death of a party if the cause of action survives." G.S. sec. 28A-18-1 provides:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

. . .

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

At common law a claim for absolute divorce was included in the category of actions which did not survive the death of a party, and in which "the relief sought could not be enjoyed, or granting it would be nugatory after death." The general rule is that

[s]ince death itself dissolves the marital status and accomplishes the chief purpose for which the action is brought, there is no longer a marital status upon which a final decree of divorce may operate. The jurisdiction of the court to proceed with the action is terminated. The marital status of the parties is the same as if the suit had never been begun.

1 R. Lee, North Carolina Family Law sec. 48 (4th ed. 1979).

In the case of *Elmore v. Elmore*, 67 N.C. App. 661, 313 S.E. 2d 904 (1984), this Court recognized and applied the general rule that an action for divorce abated upon the death of a party to the action. In *Elmore*, the plaintiff, who had filed an action for an absolute divorce based on grounds of one year's separation, appealed from the ruling of the trial court granting the defendant's motion for a directed verdict and entering of judgment denying the divorce. While the matter was pending on appeal, the plaintiff died. This Court dismissed the appeal, holding that while it believed the trial court erred in granting the defendant's motion for a directed verdict, the action abated upon plaintiff's death, thereby rendering the appeal moot. *Id.* The Court further stated that

[i]t is clearly the general rule that an action *solely* for absolute divorce abates upon the death of one of the parties, and the marital status cannot thereafter be altered. To hold that the marital status becomes unalterable, but that property rights incidental thereto do not, would be illogical and inconsistent. . . .

*Id.* at 668, 313 S.E. 2d at 909 (emphasis added).

While we recognize that in *Elmore*, the action was one *solely* for an absolute divorce with property rights being only incidental thereto, the fact that equitable distribution was specifically requested in the case *sub judice* does not negate the application of the general rule here. The North Carolina General Statutes providing for equitable distribution by the court of marital property are clear in their meaning and the intent of the Legislature in their enactment. The plain language of G.S. sec. 50-21(a) clearly provides that with but one exception the equitable distribution of marital property *must* follow a decree of absolute divorce. Subsection (a) reads in pertinent part as follows:

A judgment for an equitable distribution shall not be entered prior to entry of a decree of absolute divorce, except

for a consent judgment, which may be entered at any time during the pendency of the action.

Defendant's reliance upon *Swindell v. Lewis*, 82 N.C. App. 423, 346 S.E. 2d 237 (1986), that the parties' right to equitable distribution did not abate upon the death of the plaintiff is misguided. In *Swindell* the wife commenced an action for absolute divorce and equitable distribution. The absolute divorce was granted on the grounds of one year's separation. However, prior to a hearing on the matter of equitable distribution, but subsequent to the granting of the absolute divorce decree, defendant-husband died intestate. The court thereafter ordered that the administrator of defendant-husband's estate be substituted as defendant, and that certain claimed heirs-at-law be added as parties defendant. On appeal of the issue of the propriety of the court's order directing that certain claimed heirs-at-law be added as parties defendant, this Court held that given the death of the defendant-husband prior to equitable distribution, but subsequent to a complaint for equitable distribution, joining the heirs-at-law was necessary to determine the issues of equitable distribution. Therefore, defendant in the instant case argues that *Swindell* presupposes that the death of a party does not render issues of equitable distribution moot. Defendant overlooks the fact that in *Swindell* the party died subsequent to the granting of the decree of absolute divorce; whereas, in the case *sub judice*, the plaintiff died before a decree of absolute divorce could be granted. Therefore, plaintiff's death dissolved the marital status. Since there is no longer a marital status upon which a final decree of divorce may operate, there can also be no basis upon which a judgment of equitable distribution could be rendered. Except for a consent judgment, which may be entered at any time during the pendency of the action, G.S. sec. 50-21(a), an equitable distribution of property *shall follow* a decree of absolute divorce. *McIver v. McIver*, 77 N.C. App. 232, 334 S.E. 2d 454 (1985); *McKenzie v. McKenzie*, 75 N.C. App. 188, 330 S.E. 2d 270 (1985). Plaintiff's death, therefore, rendered both the action for divorce and equitable distribution moot.

The trial court properly dismissed the complaint and counterclaim in this matter.

Affirmed.

Judges BECTON and ORR concur.