GLADYS BROWN, Plaintiff v. CARROLL M. BROWN, Defendant

No. COA98-1412

(Filed 18 January 2000)

**Divorce— equitable distribution—deceased plaintiff**

The trial court erred in an equitable distribution action by denying the motion of the administratrix of plaintiff's estate to be substituted and by dismissing the action. An action for equitable distribution does not abate at the death of the parties if they were separated as required by N.C.G.S. § 50-21.

Judge Lewis dissenting.

Appeal by plaintiff from an order entered 6 August 1998 by Judge Melissa Magee in Gaston County District Court. Heard in the Court of Appeals 25 August 1999.

*Henry L. Fowler, III for plaintiff-appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellee.*

HUNTER, Judge.

The administratrix of the estate of Gladys Brown ("plaintiff"), Marsha T. Russell ("Brown administratrix"), made a motion in the trial court to be substituted for plaintiff in the present action for equi-

**BROWN v. BROWN**

[136 N.C. App. 331 (2000)]

table distribution, a divorce from bed and board, alimony *pendente lite* and permanent alimony. The trial court denied the motion on the basis that each cause of action brought by plaintiff abated upon her death. We reverse as to the equitable distribution action, holding that it vests at the time of separation and thereafter does not abate upon the death of one of the parties.

First, we note that plaintiff was deceased at the time the notice of appeal was filed in her name. Since only a party aggrieved may appeal and the Brown administratrix was denied her motion to be substituted for plaintiff, we treat this appeal as a petition for writ of certiorari and allow it for the purpose of reviewing the order of the trial court.

The record reveals that plaintiff and defendant were married on 24 March 1976. On 5 December 1997, plaintiff filed a complaint in which she sought equitable distribution and collateral related relief, a divorce from bed and board, alimony *pendente lite* and permanent alimony. Plaintiff died on 9 January 1998. The Brown administratrix made a motion on 19 February 1998 to be substituted for plaintiff in this matter. In its order of 6 August 1998, the trial court determined that the parties had separated on 29 November 1997 and that each claim filed by plaintiff in the present action abated and did not survive her death because "any relief sought could not be enjoyed, and for each granting it would be nugatory after death; within the meaning of N.C.G.S. § 28A-18-1(B)(3)." The trial court thereupon denied the motion to be substituted for plaintiff and dismissed each claim.

Plaintiff first contends that the trial court committed reversible error by dismissing the claim for equitable distribution. We agree.

When enacted in 1981, N.C. Gen. Stat. § 50-21 provided:

> Upon application of a party to an action for divorce, an equitable distribution of property shall follow a decree of absolute divorce. A party may file a cross action for equitable distribution in a suit for an absolute divorce, or may file a separate action instituted for the purpose of securing an order of equitable distribution, . . . . The equitable distribution *may not precede* a decree of absolute divorce. . . .

N.C. Gen. Stat. § 50-21 (Cum. Supp. 1981) (emphasis added). This statute was amended three times prior to 1995, wherein exceptions were added to the rule that an equitable distribution judgment could

only be entered following a divorce decree. Then in 1995, our legislature amended this section by completely deleting this rule, so that it now provides in pertinent part:

> (a) At any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed, *either as a separate civil action, or together with any other action* brought pursuant to Chapter 50 of the General Statutes, or as a motion in the cause as provided by G.S. 50-11(e) or (f).

N.C. Gen. Stat. § 50-21(a) (Cum. Supp. 1998) (emphasis added). This section makes it clear that a divorce action or any other action is not now a prerequisite to the filing of an equitable distribution action. Because a claim for equitable distribution may proceed on its own at any time after a married couple separates, we conclude that a divorce decree is not necessary for a judgment in an equitable distribution action. The legislature had also previously amended N.C. Gen. Stat. § 50-20(k) to change the time of vesting of equitable distribution rights from the time of filing for divorce to the time of separation. By these two amendments, it is clear that our legislature gave equitable distribution actions total independence to proceed on their own without reliance on the outcome of related divorce actions.

As to whether an equitable distribution action survives the death of a party, this Court previously stated:

> [s]ince death itself dissolves the marital status and accomplishes the chief purpose for which the action is brought, there is no longer a marital status upon which a final decree of divorce may operate. The jurisdiction of the court to proceed with the action is terminated. The marital status of the parties is the same as if the suit had never been begun.

*Caldwell v. Caldwell*, 93 N.C. App. 740, 742, 379 S.E.2d 271, 272, *disc. review denied*, 325 N.C. 270, 384 S.E.2d 513 (1989) (quoting 1 R. Lee, *North Carolina Family Law* § 48 (4th ed. 1979)). This Court went on to hold:

> Since there is no longer a marital status upon which a final decree of divorce may operate, there can also be no basis upon which a judgment of equitable distribution could be rendered. Except for a consent judgment, which may be entered at any time during the pendency of the action, G.S. sec. 50-21(a), an equitable distribution of property *shall follow* a decree of absolute divorce.

Plaintiff's death, therefore, rendered both the action for divorce and equitable distribution moot.

*Id.* at 743, 379 S.E.2d at 273 (citations omitted) (emphasis in original). *Caldwell* was decided prior to the 1995 amendment to N.C. Gen. Stat. § 50-21, thus its reasoning is outdated. Under our current statutes, a party's death does not automatically render an equitable distribution action moot. This Court has held that equitable distribution is a property right, and that the statute establishing equitable distribution

> does not grant a party a right in any particular property, [but] it does create a right to an equitable portion of that which the court determines to be marital property. Once a trial court enters a judgment of divorce, a claimant cannot be divested of the right to equitable distribution, and, therefore, his claim survives his death.

*Tucker v. Miller,* 113 N.C. App. 785, 788, 440 S.E.2d 315, 317 (1994) (citations omitted). As with *Caldwell,* when the *Tucker* decision was handed down, N.C. Gen. Stat. § 50-21(a) required that a decree of absolute divorce be entered prior to the entry of judgment in an equitable distribution case. Because this requirement has been deleted, the proposition in *Tucker* that a decedent cannot be divested of the right to equitable distribution after a divorce decree has been entered has been expanded. A claimant now cannot be divested of the right to equitable distribution after the parties have separated, regardless of whether or not they divorce.

N.C. Gen. Stat. § 50-20(k) presently provides: "The rights of the parties to an equitable distribution of marital property and divisible property are a species of common ownership, the rights of the respective parties vesting at the time of the parties' separation." N.C. Gen. Stat. § 50-20(k) (Cum. Supp. 1998). While the death of a married party abates a divorce action, this Court has stated that death does not abate an action brought against a spouse for adjudication of property rights:

> It is true that "death of a party terminates only the action as one for divorce and *does not necessarily prevent it from being revived and continued insofar as it seeks an adjudication of property rights between the parties.*" 1 R. Lee, *supra,* at 253; *see also* 2A W. Nelson, Divorce and Annulment § 21.10, at 307 (2d ed. 1961) ("death abates a [divorce] proceeding . . . , and is usually ground for its dismissal; but it does not do so to the extent that

property rights or interests are involved"); 27A C.J.S. *Divorce* § 188, at 783 (1959) ("Where an appeal is prosecuted from a decree or judgment denying a divorce, and while the appeal is pending one of the parties dies, the appeal will usually be dismissed, unless property rights are involved . . . .").

*Elmore v. Elmore*, 67 N.C. App. 661, 667, 313 S.E.2d 904, 908 (1984) (emphasis added). The authority to enforce a deceased individual's property rights passes to the legal representative of his estate upon his death. *Carnahan v. Reed*, 53 N.C. App. 589, 281 S.E.2d 408 (1981). "No action abates by reason of the death of a party if the cause of action survives." N.C.R. Civ. P. 25(a). Under the foregoing precedent, the legal representative of the claimant's estate has authority to enforce an equitable distribution action. The claimant's heirs or devisees could enjoy the relief sought as the decedent's share of the marital property would be distributed to them. Consequently, the relief sought will not be nugatory after the claimant's death and the action does not abate under N.C. Gen. Stat. § 28A-18-1, which states:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

(1) Causes of action for libel and for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

N.C. Gen. Stat. § 28A-18-1 (1984).

Our General Assembly, by its amendments, has provided that if a decedent has separated and made a claim for equitable distribution, her rights in the action are vested. Based on the abovementioned authority, we hold that an action for equitable distribution does not abate at the death of one of the parties if they were separated as required by N.C. Gen. Stat. § 50-21. The decedent is entitled to have the equitable distribution action continue after her death in order for

her share of the marital property to be determined and distributed to her heirs or devisees. Although the equitable distribution action may delay the administration of the decedent's estate, many estates are delayed while legal controversies are determined. Also, such a delay would be preferable to the decedent's loss of the right to have her share of the marital property available to distribute to her heirs or devisees at her death. If an equitable distribution action abated at a party's death, and the marital property consisted of property which the surviving spouse held title to individually, the surviving spouse would take all of the marital property even if the decedent had provided in her will that none of her estate would go to the surviving spouse. Under our holding, an equitable distribution action survives, and the heirs or devisees of the decedent would take the decedent's share of the marital property.

The trial court in the present case made the finding that the plaintiff had filed a claim for equitable distribution and that the parties had separated prior to her death. Accordingly, the order of the trial court wherein it (1) denied the motion of the administratrix of the estate of plaintiff to be substituted in the equitable distribution action, and (2) dismissed the action is reversed. We remand this case to the trial tribunal for entry of an order allowing the substitution of the Brown administratrix in plaintiff's equitable distribution action and for further proceedings consistent with this opinion.

Reversed and remanded.

Judge MARTIN concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent.

The majority concludes that a couple's property may be equitably distributed upon separation, even where there is no possibility that the parties will ever obtain a divorce. I do not believe that this holding comports with either the intent or the spirit of the statutory provisions relevant to this case.

In support of its conclusion that an equitable distribution action can be entered, even where a spouse has died and there is no possibility of divorce, the majority first points to the 1995 revision to G.S.

50-21(a), which deleted the requirement that an absolute divorce precede equitable distribution. However, the revision included no explicit indication that equitable distribution actions were given an existence wholly independent of the related divorce action; in fact, there was no reference to the significance of this amendment at all. When viewed in the context of this section's placement within Chapter 50 and a 1992 amendment to this section, however, it seems more logical to interpret G.S. 50-21(a) as contemplating that a divorce will necessarily follow an equitable distribution order.

G.S. 50-21(a) is placed within Chapter 50 of the North Carolina General Statutes. If G.S. 50-21(a), entitled "Procedures in actions for equitable distribution of property; sanctions for purposeful and prejudicial delay," is analyzed without any consideration of its placement within the statute, the majority's conclusion that this section allows an equitable distribution action without any possibility of divorce may seem tenable. However, I believe it is important to consider that G.S. 50-21(a) is codified within the chapter of the North Carolina General Statutes entitled, "Divorce and Alimony," and is included under Article 1, entitled, "Divorce, Alimony, and Child Support, Generally." Further, the preceding section is entitled "Distribution by court of marital and divisible property *upon divorce*." N.C. Gen. Stat. § 50-20 (1999) (emphasis added). When G.S. 50-21(a) is viewed in this context, it is clear that the legislature contemplated that a divorce necessarily would follow an equitable distribution order.

In addition to the 1995 amendment referenced by the majority, a 1992 amendment was also made that I feel is necessary to a full understanding of the current provision. As the majority states, the original version of G.S. 50-21(a) established that under no circumstance would an equitable distribution of property occur before a decree of divorce. The section was amended in 1992, however, and added the following italicized language:

A judgment for an equitable distribution shall not be entered prior to entry of a decree of absolute divorce, except for a consent judgment, which may be entered at any time during the pendency of the *action, or except if the parties have been separated for at least six months and they consent, in a pleading or other writing filed with the court, to an equitable distribution trial prior to the entry of the decree for absolute divorce.*

N.C. Gen. Stat. § 50-21(a) (amended 1995) (emphasis added). This 1992 amendment, which allows an equitable distribution of property

to precede a divorce when the parties have been separated for six months, illustrates the legislature's intent to amend the *timing* of the equitable distribution order, and not to make the related divorce unnecessary to the equitable distribution action. By then amending the section in 1995 to allow an equitable distribution to precede an entry of divorce without regard to the date of separation, it cannot logically be concluded that the legislature intended to give actions for equitable distribution an existence wholly independent of and unnecessary to the related divorce action. Instead, when viewed in this light, the legislature's amendments illustrate that equitable distribution of property remains incidental to an entry of divorce.

When placed in its proper context, I believe it becomes apparent that an action for equitable distribution is closely related to an action for divorce, and the two actions do not exist independently with any long-term significance. Indeed, it is well-settled that where one party to a divorce action dies prior to entry of a decree, the marital relationship between the parties no longer exists and the action for divorce abates. *Caldwell v. Caldwell*, 93 N.C. App. 740, 742, 379 S.E.2d 271, 272 (citing *Elmore v. Elmore*, 67 N.C. App. 661, 668, 313 S.E.2d 904, 909 (1984), *disc. review denied*, 325 N.C. 270, 384 S.E.2d 513 (1989). Without the entry of a decree of divorce, an indispensable facet of the equitable distribution process outlined by our statutes, plaintiff's action for equitable distribution should necessarily abate. The 1995 amendment to G.S. 50-21(a) is best understood as solely altering the *time* in which an order for equitable distribution may be granted *in relation* to the divorce decree, and not the effect one has on the other's existence. As such, I believe that the majority's conclusion that an equitable distribution order exists wholly independent of the related divorce action is incorrect.

Given this analysis of G.S. 50-21(a), I believe that the 1995 amendment did not eliminate the reasoning behind our decision in *Caldwell v. Caldwell*, as the majority concludes. I would therefore hold that plaintiff's death here terminated her marital status, thereby causing her action for divorce and equitable distribution to abate.

The majority also points to G.S. 50-20(k) to establish that equitable distribution actions may proceed independently of an entry of a divorce decree. G.S. 50-20(k) provides that the rights of the parties to an equitable distribution of property vest at the time of the parties' separation. It must be taken into consideration that this section was enacted when equitable distribution was prohibited until a divorce decree had been entered. Further, this section does not create any

**BROWN v. BROWN**

[136 N.C. App. 331 (2000)]

vested rights in particular property, but merely creates a right to equitable distribution of the property. *Wilson v. Wilson*, 73 N.C. App. 96, 99, 325 S.E.2d 668, 670, *disc. rev. denied*, 314 N.C. 121, 332 S.E.2d 490 (1985). With this in mind, to interpret the purpose of this section as allowing rights in specific property to vest without any possibility of divorce is an incorrect interpretation of the statute.

Admittedly, G.S. 50-21(a) does not clarify this issue. I believe the relevant statutes must be viewed in the context in which they were created in order to follow the logical intent of the legislature. When this is done, there is a more logical conclusion. Otherwise, a couple could separate, have property equitably distributed and live out their lives without any prospect of divorce. I do not believe our legislature intended this result.

As the majority points out, there may be practical dilemmas that arise with holding that an action for equitable distribution abates in this case; however, practical dilemmas also arise if equitable distribution survives in this case. For instance, when a spouse in a divorce action dies prior to the entry of a decree and the equitable distribution action abates, the decedent's property must be distributed in accordance with estate law. The spouse in this case died intestate. If the equitable distribution action survives, no provision bars the surviving spouse's right to intestate succession merely because an equitable distribution order has been entered. *See generally* N.C. Gen. Stat. §§ 29-13 to -15, 31A-1 (1999). Our inheritance laws are neither restrained nor revoked by equitable distribution. The likely result of entering an equitable distribution order and subsequently administering the property in accordance with the Intestate Succession Act, N.C. Gen. Stat. §§ 29-1 to -30 (1999), would be redistribution, to the surviving spouse, of the marital property which the court ordered equitably distributed. Application under this statutory scheme, however, would be radically changed where a divorce had been granted.

Similar problems may arise if a spouse to an equitable distribution action dies testate prior to an entry of a divorce decree. If the equitable distribution action survives, no provision bars execution of the decedent's will after the court equitably divides the marital property. *See generally* N.C. Gen. Stat. §§ 31-5.1 to -5.6 (1999). If this is the case, probate must wait until the equitable distribution order is final and any caveat proceedings or dissent or election upon dissent are necessarily restrained. In the case that the deceased spouse's will devises property to the surviving spouse, execution of the will would

McCULLOUGH v. BRANCH BANKING & TR. CO.

[136 N.C. App. 340 (2000)]

result in redistribution, to the surviving spouse, of some or all of the marital property equitably distributed. These problems do not arise where a party dies after a divorce has been granted, since divorce revokes the provisions in a will in favor of the surviving spouse. N.C. Gen. Stat. § 31-5.4. Distributing property pursuant to either the law of wills or the Intestate Succession Act after an equitable distribution order has been entered without a divorce would almost certainly trivialize the effort and resources put into entering the equitable distribution order.

Since I would hold that the action for equitable distribution abated in this case, it would be unnecessary to address plaintiff's remaining arguments.