WILLIAM LEE DUNEVANT, Plaintiff v. ELIZABETH ANN LEWIS DUNEVANT, Defendant

No. COA99-1336

(Filed 6 February 2001)

**1. Divorce— one year's separation—residency—findings labeled as conclusions**

The trial court erred by abrogating a divorce decree based on a finding that the decree contained no findings of fact regarding the issues of one year's separation and residency in North Carolina where the appropriate statements appeared under the heading "Conclusions of Law." These statements did not involve the application of legal precepts and were more in the nature of findings than conclusions. Mislabeling the findings as conclusions is not fatal because the judgment discloses each link in the chain of reasoning.

**2. Divorce— judgment—set aside and new hearing—death of party in interim—action abated**

The trial court was without jurisdiction to vacate a divorce judgment and resurrect the parties' marriage where a divorce judgment was issued; defendant filed a motion to set aside the judgment as void; the court conducted a hearing as to when the parties began living separate and apart; plaintiff died; and the court allowed defendant's motion for the substitution of the administrator of plaintiff's estate, found that the parties did not separate with the intent to remain separate and apart, and set aside the divorce decree as null and void. An action for absolute divorce does not survive the death of a party and the judgment of absolute divorce in this case in no way passed upon equitable distribution of the marital property. In view of the determination elsewhere in this opinion that the decree was valid on its face, the proceeding to set aside the decree abated upon plaintiff's death.

Appeal by plaintiff from order entered 6 July 1999 by Judge Pattie S. Harrison in District Court, Caswell County. Heard in the Court of Appeals 14 September 2000.

*Farmer & Watlington, L.L.P., by R. Lee Farmer, for plaintiff-appellant.*

*Ronnie P. King, P.A., by Ben S. Holloman, Jr., for defendant-appellee.*

DUNEVANT v. DUNEVANT

[142 N.C. App. 169 (2001)]

TIMMONS-GOODSON, Judge.

The administrator of the estate of William Lee Dunevant ("plaintiff") appeals from an order setting aside a divorce decree entered 17 September 1997 dissolving the marriage of plaintiff and Elizabeth Ann Lewis Dunevant ("defendant"). The relevant factual and procedural background is summarized as follows.

Plaintiff and defendant were married on or about 14 February 1979 in Danville, Virginia. No children were born of the marriage. On 29 July 1997, plaintiff filed a complaint for absolute divorce alleging that the parties had lived separate and apart since 3 May 1996. The complaint also asserted a claim for equitable distribution. Plaintiff had defendant personally served with the summons and a copy of the complaint on 1 August 1997. Defendant, however, filed no answer to the pleadings.

On 4 September 1997, plaintiff moved for summary judgment as to the issue of absolute divorce. On 5 September 1997, plaintiff filed a "Notice of Motion" with the Clerk of District Court, Caswell County, which notice was addressed to defendant and advised her that the motion for summary judgment would be heard on 17 September 1997. A copy of the notice was mailed to defendant. Defendant, nonetheless, did not receive the notice and failed to appear at the hearing.

Pursuant to plaintiff's motion, the trial court entered a judgment of absolute divorce on 17 September 1997. The judgment provided, in pertinent part, as follows:

FINDINGS OF FACT:

1. That this matter is an action for absolute divorce based on the separation of the Plaintiff and the Defendant for one (1) year.

2. That the Defendant was properly served on the 30th day of July, 1997 with Summons and a copy of the Complaint.

3. That the Defendant has not filed a request for a jury trial with the Clerk of Court.

4. That the action is at issue and properly called for trial.

5. That Plaintiff has filed a verified Complaint in this cause and Defendant has failed to respond.

BASED UPON THE FOREGOING FINDINGS OF FACT, the Court makes the following:

CONCLUSIONS OF LAW:

1. That the Plaintiff has been a resident of the State of North Carolina for more than six (6) months next preceding the institution of this action.

2. That the Plaintiff and the Defendant were duly married on or about the 14th day of February, 1979.

3. That there were no children born of the marriage of the parties.

4. That the Plaintiff and the Defendant separated with the intent to live permanently separate and apart and have lived separate and apart from each other for more than one (1) year next preceding the institution of this action.

5. That there exists no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, the Court concludes that it has jurisdiction over the subject matter and the parties, and that Plaintiff's Motion for Summary Judgment should be allowed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That the bonds of matrimony heretofore existing between Plaintiff and Defendant be, and they are hereby dissolved, and the Plaintiff is granted an absolute divorce from the Defendant.

2. That the issue of equitable distribution of marital property is retained by this Court for further adjudication.

Defendant received notification of the divorce decree by mail and, on 21 October 1997, moved to set aside the judgment as void. The court conducted a hearing on the motion, during which the parties presented conflicting evidence as to when they began living separate and apart. On 14 May 1998, prior to a ruling on the motion, plaintiff died. On 3 February 1999, plaintiff's attorney moved to dismiss defendant's motion for lack of jurisdiction over the person of plaintiff. Defendant, in response, moved to substitute the administrator of plaintiff's estate as plaintiff in the proceeding and moved, once again, to set aside the divorce decree. As the basis for the latter motion, defendant asserted that the divorce decree contained no findings of fact (1) that the parties had lived separate and apart for one year, or

(2) that either of the parties had resided in the State for a period of six months.

The court allowed defendant's motion for substitution and entered an order finding that "the Parties did not separate with the intent to remain separate and apart" on 3 May 1996. The court, therefore, concluded that the averment in plaintiff's complaint relating to the date of separation perpetrated a fraud on the court and thereby deprived the court of jurisdiction over the matter. Additionally, the court concluded that "[t]he Divorce Judgment [was] irregular on its face due to deficiencies in the factual findings on the issues of one-year's separation and North Carolina residency." Consequently, the court set aside the divorce decree, declaring it to be null and void. From the order of the trial court, plaintiff, through his representative, filed timely notice of appeal.

[1] Plaintiff argues first that the trial court erred in abrogating the divorce decree based on the finding that the decree "contained no findings of fact regarding the issues of separation for one year and residency in North Carolina." Plaintiff's argument has merit.

Section 50-6 of the North Carolina General Statutes provides that the parties to a marriage may obtain an absolute divorce "on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months." N.C. Gen. Stat. § 50-6 (1999). Under section 50-10 of the General Statutes,

(a) The material facts in every complaint asking for a divorce or for an annulment shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge or jury.

. . . .

(d) The provisions of G.S. 1A-1, Rule 56, shall be applicable to actions for absolute divorce pursuant to G.S. 50-6, for the purpose of determining whether any genuine issue of material fact remains for trial by jury, but in the event the court determines that no genuine issue of fact remains for trial by jury, the court must find the facts as provided herein. The court may enter a

DUNEVANT v. DUNEVANT

[142 N.C. App. 169 (2001)]

judgment of absolute divorce pursuant to the procedures set forth in G.S. 1A-1, Rule 56, finding all requisite facts from nontestimonial evidence presented by affidavit, verified motion or other verified pleading.

N.C. Gen. Stat. § 50-10 (a),(d) (1999).

"Findings of fact are statements of what happened in space and time." *State ex rel. Utilities Comm. v. Eddleman*, 320 N.C. 344, 351, 358 S.E.2d 339, 346 (1987). Pursuant to Rule 52(a)(1) of our Rules of Civil Procedure, a trial judge sitting without a jury must "find the facts specially and state separately its conclusions of law thereon and direct entry of the appropriate judgment." N.C.R. Civ. P. 52(a)(1). This notwithstanding, a pronouncement by the trial court which does not require the employment of legal principles will be treated as a finding of fact, regardless of how it is denominated in the court's order. *See Gainey v. N.C. Dept. of Justice*, 121 N.C. App. 253, 257, 465 S.E.2d 36, 40 (1996) (footnote 1 explaining that Court would treat " 'conclusion' as a 'finding of fact' because its determination [did] not involve the application of legal principles"); *cf. Coble v. Coble*, 300 N.C. 708, 713, 268 S.E.2d 185, 189 (1980) (viewing "finding" as "conclusion of law," because it stated legal basis upon which ruling was made); *Gibbs v. Wright*, 17 N.C. App. 495, 498, 195 S.E.2d 40, 43 (1973) (stating that "findings of fact" which "[were] actually more in the nature of conclusions of law" were properly treated as such, and that "it [was] immaterial that they were incorrectly included under the heading of 'findings of fact' in the judgment.")

In the order vacating the judgment of absolute divorce, the trial court found that the judgment lacked factual findings pertaining to the issues of one year's separation and North Carolina residency. Granted, the judgment does not set forth any such statements under the heading "Findings of Fact." The following declarations, however, appear under the "Conclusions of Law":

1. That the Plaintiff has been a resident of the State of North Carolina for more than six (6) months next preceding the institution of this action.

. . . .

4. That the Plaintiff and the Defendant separated with the intent to live permanently separate and apart and have lived separate and apart from each other for more than one (1) year next preceding the institution of this action.

Since these statements do not involve the application of legal precepts, they are, in actuality, more in the nature of "findings of facts" and should be treated as such. *See Gainey*, 121 N.C. App. at 257, 465 S.E.2d at 40. Furthermore, that the "findings" are mislabeled "conclusions of law" is not fatal, because the judgment discloses " 'each link in the chain of reasoning.' " *See Eddleman*, 320 N.C. at 352, 358 S.E.2d at 346 (quoting *Coble*, 300 N.C. at 714, 268 S.E.2d at 190). To be sure, the findings of fact appearing throughout the divorce decree, taken together, furnish the justification for the court's conclusion "that it ha[d] jurisdiction over the subject matter and the parties, and that Plaintiff's Motion for Summary Judgment [on the issue of absolute divorce] should be allowed."

A party may obtain relief from a final judgment pursuant to Rule 60(b)(4) of the Rules of Civil Procedure, if she can show that the judgment is void *ab initio*. N.C.R. Civ. P. 60(b)(4). Our courts have said that " 'a divorce decree, in all respects regular on the face of the judgment roll, is at most *voidable*, not void.' " *Howell v. Tunstall*, 64 N.C. App. 703, 705, 308 S.E.2d 454, 456 (1983) (quoting *Carpenter v. Carpenter*, 244 N.C. 286, 295, 93 S.E.2d 617, 625-26 (1956)). In light of the foregoing reasoning, we hold that contrary to the court's conclusion, the divorce decree at issue in this case was "in all respects regular on [its] face." *See id.* Therefore, the court had no basis upon which to declare the divorce decree void. This is especially true, given that the court specifically found that "Defendant was properly served in person with a Summons and the [Divorce Complaint]." *See Thomas v. Thomas*, 43 N.C. App. 638, 645, 260 S.E.2d 163, 168 (1979) (quoting 1 Robert E. Lee, *North Carolina Family Law* § 52, at 215 (3rd ed. 1963)) ("A divorce granted without proper service of process upon the defendant is void when [s]he does not appear in the action or does not otherwise waive service of process.").

**[2]** Plaintiff next argues that a divorce judgment which has not been shown to be void may not be set aside following the death of one of the parties so as to reinstate the marital relationship. Again, we find merit in plaintiff's argument.

Section 28A-18-1 of the General Statues states that:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

. . . .

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

N.C. Gen. Stat. § 28A-18-1 (1999). An action for absolute divorce is one that does not survive the death of a party. *Caldwell v. Caldwell,* 93 N.C. App. 740, 741, 379 S.E.2d 271, 272 (1989), *superseded by statute on other grounds as stated in Brown v. Brown,* 136 N.C. App. 331, 334, 524 S.E.2d 89, 91, *rev'd on other grounds,* 353 N.C. 220, 539 S.E.2d 621 (2000). Consequently, a divorce proceeding abates when one of the parties dies. *Brown,* 353 N.C. at 222, 539 S.E.2d at 622; *see* N.C.R. Civ. P. 25(a) (describing actions that do not survive by reason of a party's death as abated). This Court has said that:

"[s]ince death itself dissolves the marital status and accomplishes the chief purpose for which the action is brought, there is no longer a marital status upon which a final decree of divorce may operate. The jurisdiction of the court to proceed with the action is terminated. The marital status of the parties is the same as if the suit had never begun."

*Caldwell,* 93 N.C. App. at 742, 379 S.E.2d at 272 (quoting 1 Robert E. Lee, *North Carolina Family Law* § 48 (4th ed. 1979)). Although our courts have not spoken on the issue raised by the facts of this case, it follows from the foregoing authority that the trial court may not set aside a valid divorce decree and thereby revive the marital status of a party who is deceased.

We find support for this proposition in *Hill v. Lyons,* 550 So. 2d 1004 (Ala. Civ. App. 1989), wherein the Alabama Court of Civil Appeals considered "whether the trial court had jurisdiction to nullify a divorce decree in its entirety after one of the parties thereto had died." *Id.* at 1005. The court noted that:

Generally, the death of one of the parties to a divorce decree results in abatement of the cause of action. Abatement does not occur when the decree affects property rights, and matters touching the parties' property rights under the divorce decree are amenable to alteration or modification upon timely motion, or upon appeal.

Here, the divorce decree . . . affected property rights of the parties, and upon timely motion the trial court had jurisdiction to amend, alter, or modify the decree. <u>The trial court did not, however, have the jurisdiction to change the adjudged marital *status* of the parties</u>.

*Id.* at 1006 (emphasis added) (citations omitted). Similarly, in *Cox v. Dodd*, 4 So. 2d 736 (Ala. 1941), the Alabama Supreme Court held that:

"[When a divorce judgment does not affect property rights,] <u>[p]roceedings to vacate it will not lie after the death of one of the parties</u>. The only object which could be attained would be sentimental in its nature, for <u>the death of the parties effectually severs the marriage relation and the practical result of the judgment or decree would not be affected</u>. On the other hand, where the judgment or decree affects property rights, the death of one party or both parties does not affect the right of the unsuccessful party or his or her representative to institute vacation proceedings. This is permitted, not for the purpose of continuing the controversy touching the right to a divorce itself, but for the ascertainment of whether the property has been rightly diverted from its appropriate channel of devolution."

*Id.* at 739 (quoting 17 Am. Jur. *Divorce and Separations* § 462, at 378) (emphasis added).

In the case *sub judice*, the judgment of absolute divorce entered 17 September 1997 dealt exclusively with the parties' marital status. It in no way passed upon the issue of equitable distribution of the marital property. Defendant moved to set aside the judgment on 21 October 1997, but as fate would have it, plaintiff passed away on 14 May 1998, prior to a ruling on the motion. In view of our foregoing determination that the divorce decree was valid on its face, we hold that the proceeding to set aside the decree was abated upon plaintiff's death. Therefore, the trial court was without jurisdiction to vacate the divorce judgment and resurrect the parties' marriage.

As a final matter, plaintiff argues that the trial court erred in granting defendant's untimely motion to substitute the administrator of plaintiff's estate as plaintiff in the proceeding action to vacate the divorce decree. However, given our resolution of the preceding issues, a discussion of this argument would be extraneous.

In sum, the order setting aside the 17 September 1997 divorce judgment is hereby vacated, and this matter is remanded to the District Court, Caswell County, for further appropriate proceedings consistent with this opinion.

Vacated and remanded.

Judges WYNN and McGEE concur.